UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIONELL BAILEY A/K/A LIONELL DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4972** |
| **C. HUBERT, WARDEN,**<br>**ELAYN HUNT CORR. CTR.** | **SECTION "F"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C),** and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

**I.      Factual and Procedural Background**

Petitioner, Lionell Bailey a/k/a Lionell Davis ("Bailey"), is a state prisoner currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] Bailey filed this

---

[1] Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] After mail was returned which has been sent to the petitioner at Elayn Hunt Correctional Center, the Court located Bailey at the B.B. "Sixty" Rayburn Correctional Center.

petition pursuant to Title 28 U.S.C. § 2254 challenging his release on good-time credits as if on parole, the subsequent revocation of his release, and its affect on his current detention.

The record reflects that Bailey was previously convicted in two separate criminal cases in Orleans Parish.[3] In Case No. 339-459, he was convicted of first degree robbery and simple robbery. On April 14, 1987, he was sentenced to 20 years imprisonment and five years imprisonment, respectively. In Case No. 314, 427, he was convicted of forcible rape and attempted aggravated rape. On October 25, 1990, he received a 10 year sentence on each count.

On or after October 9, 2001, Bailey was released as if on parole due to accumulated good-time credits.[4] This type of parole release upon good-time diminution of sentence is provided for in La. Rev. Stat. Ann. § 15:571.5.[5] Under Louisiana law, it is distinct from parole eligibility connected to the original sentence. *See Manuel v. Stalder*, 928 So.2d 24, 26-27 (La. App. 1st Cir. 2005); *State*

---

[3]*Id*.; St. Rec. Vol. 1 of 1, DOC Master Record, 4/17/06.

[4]*Id*. The record does not indicate an exact release date. The DOC Master Record shows that, on that date, his "physical location" was under the control of the New Orleans area parole board.

[5]La. Rev. Stat. Ann. §15:571.5 provides as follows:
A. (1) When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.
(2) At least three months prior to the anticipated release due to diminution of sentence, the secretary of the department shall notify the parole board and provide such information as is necessary to allow the board to establish such conditions as provided in R.S. 15:574.4(H) as may be reasonably necessary to facilitate supervision. If diminution of sentence is not prohibited by R.S. 15:571.3(C)(1) and the sentence is for a sexual offense as enumerated in R.S. 15:574.4(H)(2), then the provisions of R.S. 15:574.4(H)(2)(a) and (b) and (3) apply.
B. (1) Before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. These conditions shall be explained to the prisoner and the prisoner shall agree in writing to such conditions prior to his release on parole.
(2) The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.
C. If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term.

*v. Pugh*, 906 So.2d 532, 535 (La. App. 1st Cir. 2005) (good-time release is not that same as parole); *see also*, *Malava v. State*, 2001 WL 630472 (E.D. La. June 6, 2001) (Schwartz, J.); *Howard v. Stalder*, 2005 WL 1330299 (W.D. La. May 31, 2005) (Report and Recommendation, Kirk, M.J.) (advising plaintiff that his good-time parole release was not parole and was not unconstitutional).

On December 15, 2004, Bailey's parole officer went to his residence to arrest him for failure to comply with his parole requirements.[6] At that time, the officer located crack cocaine and Bailey was arrested on that charge.[7] He was subsequently charged with possession of crack cocaine in Orleans Parish Criminal Case No. 455-109.[8] The parole officer also began revocation proceedings.[9]

On January 26, 2005, Bailey filed a Writ Application with the Louisiana Fourth Circuit alleging that he was not timely taken for his arraignment on the crack cocaine charge in Case No. 455-109 and the Trial Court refused to consider his habeas corpus petition on that issue.[10] The Louisiana Fourth Circuit, on February 25, 2005, denied the application without reasons.[11] On February 3, 2006, the Louisiana Supreme Court also denied the subsequent Writ Application to that Court as moot.[12]

---

[6] St. Rec. Vol. 1 of 1, Notice of Preliminary Hearing, pp. 4-5, 12/16/2004.

[7] *Id.*, at p. 5.

[8] *Id.*; Rec. Doc. No. 1.

[9] Rec. Doc. No. 1.

[10] St. Rec. Vol. 1 of 1, 4th Cir. Writ Application, 2005-K-0139, 1/26/05.

[11] St. Rec. Vol. 1 of 1, 4th Cir. Order, 2005-K-0139, 2/25/05.

[12] *State ex rel. Bailey v. State*, 922 So.2d 1163 (La. 2006).

In the meantime, on March 29, 2005, the district attorney entered a nolle prosequi dismissing the possession of crack cocaine charges in Case No. 455-109.[13] Thereafter, Bailey filed a Writ Application with the Louisiana Fourth Circuit challenging the use of the evidence related to the cocaine charge as evidence of a parole violation when he was not tried on the charge.[14] He sought a mandamus order directing the Orleans Criminal District Court to reinstate the trial in the criminal case.[15] The Court denied the application stating that Bailey was not entitled to the relief he sought.[16] He sought no further review of that ruling.

On July 1, 2005, Bailey filed a third Writ Application with the Louisiana Fourth Circuit related to his good-time release and the parole revocation proceeding arising out of Case No. 455-109.[17] The Court denied the application as meritless on July 26, 2005 and noted that it had no jurisdiction over the parole board.[18] He did not seek further review.

Finally, on April 11, 2006, after several other hearings, the Louisiana Board of Parole and Pardons revoked Bailey's good-time parole release.[19]

## II.   **Federal Habeas Petition**

In the midst of these state court proceedings, on October 31, 2005, Bailey filed the instant federal habeas corpus petition pursuant to Title 28 U.S.C. §2254, challenging his current detention

---

[13]St. Rec. Vol. 1 of 1, Notice of Preliminary Hearing, p. 5, 12/16/2004; Rec. Doc. No. 1; Rec. Doc. No. 12.

[14]St. Rec. Vol. 1 of 1, 4th Cir. Writ Application, 2005-K-0621, 4/21/05.

[15]*Id*.

[16]St. Rec. Vol. 1 of 1, 4th Cir. Order, 2005-K-0621, 5/4/05.

[17]St. Rec. Vol. 1 of 1, 4th Cir. Writ Application, 2005-K-1034, 7/1/05.

[18]St. Rec. Vol. 1 of 1, 4th Cir. Order, 2005-K-1034, 7/26/05.

[19]St. Rec. Vol. 1 of 1, DOC Letter, 4/17/06.

after revocation of his parole.[20]  He does so, however, as a challenge to the proceedings in Case No. 455-109.  Bailey further alleges that he was not eligible for parole under his original sentence for simple burglary, for which he was serving time when he was released as if on parole for good-time diminution of sentence.  He argues that his re-incarceration pursuant to a parole revocation following his good-time release was unconstitutional.  He requests that the possession of crack cocaine charge in Case No. 455-109 be dismissed and he be released from custody.

In its opposition response, the State argues that Bailey is not in custody pursuant to a judgment in Case No. 455-109, therefore, this Court is without subject matter jurisdiction.

### III.   Nature of the Current Petition

When a state prisoner challenges unconstitutional parole procedures or rules which affect his release, and resolution would entitle him to accelerated release, the challenge is properly brought as a habeas corpus proceeding.  *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998).  A challenge to the execution of a sentence, as opposed to its duration, is appropriately brought under Title 28 U.S.C. § 2241, as opposed to § 2254.  *Id*., at 490; *see also*, *Batiste v. State Bd. of Pardon and Parole*, 1999 WL 102027 at *1 (E.D. La. 1999) (quoting *King v. Lynaugh*, 729 F. Supp. 57, 58 (W.D. Tx. 1990)); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack execution of a sentence); *Hall v. Saffle*, 10 Fed. Appx. 768, 2001 WL 589514 at **2 (10th Cir. May 31, 2001) (unpub.) (due process challenge to the execution of a sentence is properly considered under § 2241).[21]  Thus, in spite of the label he placed on this

---

[20]Rec. Doc. No. 1.

[21]*Accord Felker v. Turpin*, 518 U.S. 651 (1996) (challenges to judgments of conviction brought by state prisoners in state custody are to be brought pursuant to §2254); *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991) (A prisoner may bring a claim to receive good conduct time under §2254); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003) ("All" post-conviction claims by prisoners in custody pursuant to a state court judgment must be brought under §2254).

petition, Bailey's petition is properly addressed pursuant to the standards applicable to § 2241 petitions.

### IV.   The "In Custody" Requirement of Subject Matter Jurisdiction

To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a).

The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna County Dist. Attorney v. Coss*, 121 S. Ct. 1567, 1572 (2001); *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Garlotte v. Fordice*, 29 F.3d 216, 217 (5th Cir. 1994), *rev'd on other grounds*, 515 U.S. 39 (1995). The *Maleng* Court further held that a habeas petitioner is not "in custody" when his sentence has expired for the challenged conviction. *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *accord Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir. 2001); *Pleasant v. State*, 134 F.3d 1256, 1258 (5th Cir. 1998).

Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425.

Bailey's petition is deemed filed in this Court under the federal "mailbox rule" on September 5, 2005.[22] At that time, Bailey was <u>not</u> in custody on the charges in Case No. 455-109, the case on which he basis this petition. By that time, the State had entered the nolle prosequi dismissing the possession of crack cocaine charges in that case. Thus, to the extent Bailey is challenging the charges in that case, this court lacks jurisdiction to review his petition.

However, under the broad reading accorded *pro se* petitions, Bailey is also challenging his current detention arising out of the parole revocation, which he asserts is related to his prior good-time release in connection with his 1987 robbery conviction. Considering this to be the basis of custody for jurisdictional purposes, the Court can consider whether his challenges to the revocation proceeding are appropriate for federal review. However, the Court finds that Bailey has not exhausted state court remedies related to the parole revocation.

## V.     Exhaustion of State Court Remedies

The State has not addressed Bailey's exhaustion of state court remedies because its answer was strictly based on the conclusion that he was not in custody under the challenged criminal case number cited in his petition. Although the State did not address this issue, the Court will due so *sua sponte*. *McGee v. Estelle*, 722 F. 2d 1206, 1214 (5th Cir. 1984) (*en banc*). The State's failure to raise it is not a waiver of the defense. *See* 28 U.S.C. § 2254(b)(3).

Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a federal court should abstain from the exercise of its habeas jurisdiction if the

---

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Bailey's federal habeas petition on October 31, 2005. Bailey dated his signature on the petition on September 5, 2005. This is the earliest date on which he could have delivered it to prison officials for mailing.

issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973). The exhaustion doctrine applied to § 2241(c)(3) is based on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Within the context of a § 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1975).

### A.  **Available State Court Remedies**

Louisiana requires that challenges to the computation of a sentence and to parole related matters be brought first through the Louisiana Department of Corrections's administrative grievance process. La. Rev. Stat. Ann. § 15:1176. Thereafter, the inmate can seek judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge as part of its required review process pursuant to La. Rev. Stat. Ann. § 15:1177 and §15:571.15.[23]  *See State ex rel. Bartie v. State*, 501 So.2d 260 (La. App. 1st Cir. 1986).

---

[23]La. Rev. Stat. Ann. § 15:571.15 further designates venue as to any challenge to a decision of the Parole Board: "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge. Venue in a suit contesting the actions of the Board of Parole shall be controlled by this Part and R.S. 15:574.2 and 574.11 and not by the Code of Criminal Procedure, Title XXXI-A, Post Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary."

Pursuant to La. Rev. Stat. Ann. § 15:1177A(10), the inmate can appeal the decisions of the district court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. La. Rev. Stat. Ann. §13:312(1). To complete the process, Louisiana law would allow him to seek supervisory review in the Louisiana Supreme Court. La. Code Civ. P. art. 2201; La. Code Crim. P. art. 922.

### B. Bailey's Failure to Exhaust

The record demonstrates that, after his re-incarceration, Bailey filed several pleadings with the Orleans Parish Criminal District Court and the Louisiana Fourth Circuit. However, he did not pursue further relief or review in the Louisiana Supreme Court from most of those rulings.

The record shows that, since his re-incarceration, he filed only one Writ Application with the Louisiana Supreme Court. That petition was brought through Case No. 455-109 challenging the timeliness of the arraignment. As outlined above, the Application was later dismissed as moot. By the time of that ruling, the State had entered the nolle prosequi.

The records of the Louisiana Supreme Court do not reflect that Bailey has pursued any further relief in that Court related to his good-time release or the parole revocation.[24] Furthermore, Bailey does not suggest that he has pursued, much less completed, the administrative review process required by Louisiana law, as outlined above.

Bailey, therefore, has not exhausted state court remedies. The interests of comity recognized in both *Braden* and *Dickerson* would best be served by requiring Bailey to present his claims to the state's highest court in a procedurally proper manner. There are no apparent special circumstances

---

[24]A member of the undersigned's staff contacted the Office of the Clerk of the Louisiana Supreme Court. The records of the court do not indicate that Lionell Bailey a/k/a Lionell Davis has filed any other Writ Applications since his re-incarceration.

9

to warrant federal review under § 2241 and Bailey has not alleged any. Therefore, Bailey's claims should be dismissed without prejudice for failure to exhaust state court remedies.

## VI.    Recommendation

It is therefore **RECOMMENDED** that Lionell Bailey a/k/a Lionell Davis's petition for issuance of a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __25th__ day of _____May_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**