UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIONELL BAILEY A/K/A LIONELL DAVIS, pro se** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4972** |
| **C. HUBERT, WARDEN,**<br>**ELAYN HUNT CORR. CTR.** | **SECT. "T" (4)** |

### ORDER AND REASONS

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of United States Magistrate Judge Karen Wells Roby, and the opposition to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Plaintiff Lionell Bailey's habeas corpus petition challenged the charges for possession of crack cocaine in Case No. 455-109. At the time he filed his petition, the State had dismissed the possession of crack cocaine charges in that case. In order to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana,* 816 F. 2d 220, 224 (5th Cir. 1987). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in

1

custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna County Dist. Attorney v. Coss,* 121 S. Ct. 1567, 1572 (2001).  A habeas petitioner is not "in custody" when his sentence has expired for the challenged conviction.  *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. §2241(c)(3)).  Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed.  *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).  Under the federal "mailbox rule," Bailey's petition is deemed filed on September 5, 2005.  *See* Report and Recommendation of United States Magistrate Judge Karen Wells Roby, pg. 7 (*citing Coleman v. Johnson*, 184 F. 3d 398, 401 (5th Cir. 1999)).  At that time, Bailey was not in custody on the charges in Case No. 455-109, the case on which he bases this petition.  *See* Report and Recommendation of United States Magistrate Judge Karen Wells Roby, pg. 7.  Thus, the Magistrate Judge concluded it lacked jurisdiction on federal habeas corpus relief.  However, the Magistrate Judge correctly concluded that it look beyond the absence of the "in custody" requirement for federal jurisdiction.

While the State's Response to Habeas Corpus Petition does not address the issue of exhaustion of state remedies, the Magistrate Judge's Report and Recommendation notes that the court will raise the issue of exhaustion of state remedies *sua sponte.  McGee v. Estelle,* 722 F. 2d 1206, 1214 (5th Cir. 1984) (*en banc).*  The federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner.  *Dickerson v. Louisiana,* 816 F. 2d 220, 225 (5th Cir. 1987). Plaintiff Lionell Bailey objects to the magistrate judge's conclusion that Bailey has failed to exhaust state court remedies.  Plaintiff has stated in his Objections to the Magistrate Judge's Report and Recommendation that the Louisiana Court of

Appeals has authoritatively stated that it had no jurisdiction over the parole board and that there is "nothing more for the courts of Louisiana to say on this issue."

As the Magistrate Judge's Report and Recommendation notes, Bailey is challenging his current detention arising out of the parole revocation related to his 1987 robbery conviction under the broad reading of *pro se* petitions.  The Court can consider whether his challenges to the revocation proceeding are appropriate for federal review only when Bailey has exhausted his state court remedies.  The Magistrate Judge's Report and Recommendation lays out the proper process that an inmate must follow before he will be allowed to seek federal review of his challenge to the computation of his sentence or parole related matter.  This appeal process ultimately concludes with a supervisory review by the Louisiana Supreme Court.  Bailey has not pursued any relief in the Louisiana Supreme Court in connection with his good-time release or the parole revocation.  *See* Report and Recommendation of United States Magistrate Judge Karen Wells Rob, pg. 9. Thus, Bailey has not exhausted his available state court remedies.

Plaintiff Bailey claims that he is asserting a constitutional right not to be twice put in jeopardy for the same offense.  However, it is paramount that, absent apparent special circumstances warranting federal review under § 2241, a federal court should abstain from the exercise of its habeas jurisdiction if the issues may be resolved on the merits in the state court or by some other state procedures available to the petitioner.  Bailey has not pursued any relief in the Louisiana Supreme Court related to his good-time release or the parole revocation.  Thus, he has not exhausted state court remedies.

Finally, plaintiff Bailey objects to the fact that the Magistrate Judge's Report and Recommendation determined that this matter be disposed of without an evidentiary hearing.

However, because Bailey has not exhausted his available state court remedies, an evidentiary hearing is not required.

Accordingly,

**IT IS ORDERED** that the application for federal habeas corpus relief of Lionell Bailey is **DISMISSED** without prejudice for failure to exhaust available state court remedies.

New Orleans, Louisiana, this 19th day of June, 2007.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE