UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LIONELL BAILEY A/K/A LIONELL DAVIS**               **CIVIL ACTION**

**VERSUS**                                           **No.  05-4972**

**C. HUBERT, WARDEN**                                **SECTION "T" (4)**
**ELAYN HUNT CORR. CTR.**

## ORDER AND REASONS

Before the Court is an Application for a Certificate of Appealability filed by defendant, Lionell Bailey a/k/a Lionell Davis.  Having considered the record, the law, and the application submitted by the Petitioner, the Court hereby **DENIES** the Petitioner's request.

**I. BACKGROUND:**

On May 25, 2007, this Court adopted United States Magistrate Judge Karen W. Roby's Report and Recommendation and ordered that Lionell Davis' petition for issuance of a writ of *habeas corpus* be dismissed without prejudice for failure to exhaust state court remedies.  On June 19, 2007, this Court ordered that there be a judgment issued in favor of the State and a dismissal without prejudice of Davis' petition for writ of habeas corpus.  On June 25, 2007, Mr. Davis filed a notice of appeal from this Court's judgment on June 19, 2007.  This Court denied Mr. Davis' petition for  federal *habeas* relief pursuant to 28 U.S.C. §636(b)(1)(B) and (c), and as applicable,

Rule 8(b) of the Rules Governing Section 2254 cases on eight (8) grounds for relief.  This Court found that either the claims of the petitioner were either procedurally barred or without merit.  Petitioner now seeks a Certificate of Appealability in regards to these rulings asserting that his re-incarceration violates the Constitution's protection against double jeopardy, made applicable in state proceedings by the Fourteenth Amendment.

**II.  LEGAL ANALYSIS:**

Under 28 U.S.C. §2253(c), the Petitioner has no right of appeal from this Court's judgments; he must first obtain a Certificate of Appealability in order to proceed with his case in the Court of Appeals.  This Court may issue such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

This Court finds the Petitioner has not made such a showing.  Mr. Davis' attempted assertion of a constitutional right fails because his case does not involve double jeopardy due to the fact that he was not convicted of the same crime twice.  Instead, he was sent back to prison for violating the conditions of his parole, a violation distinct from his original criminal offense.  For the reasons stated, the Court finds the claims raised by Petition to be without merit.

Accordingly,

**IT IS ORDERED** that the Certificate of Appealability in the above-captioned matter shall not be issued for the reasons stated herein.

New Orleans, Louisiana, this 16TH day of July, 2007.

                                                **G. THOMAS PORTEOUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**